IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 30 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| GLOBALOPTIONS, INC.,<br>75 Rockefeller Plaza,<br>27th Floor,<br>New York, NY 10019,<br><br>Plaintiff,<br><br>v.<br><br>NEIL LIVINGSTONE<br>700 New Hampshire Avenue, N.W.<br>Washington, D.C. 20037,<br><br>Defendant. | Case: 1:07-cv-00608<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 3/30/2007<br>Description: GLOBAL OPTIONS V. LIVINGSTONE |

## COMPLAINT

COMES NOW, plaintiff GlobalOptions, Inc, by and through counsel, and for its cause of action states as follows:

1. Plaintiff GlobalOptions, Inc. is a Delaware corporation whose principal place of business is at 75 Rockefeller Plaza, 27th Floor, New York, NY 10019.

2. Defendant Neil Livingstone is a citizen of the District of Columbia who resides at 700 New Hampshire Avenue, N.W., Washington, D.C. 20037.

3. This is a civil action arising under the laws of the District of Columbia and the United States and this Court has jurisdiction over the complaint herein pursuant to 28 U.S.C. §1332 (diversity of citizenship), 28 U.S.C. §§2201 and 2202 (declaratory relief), and Fed. R. Civ. P. 65.

4. The citizenship of the parties is completely diverse.

5.  The amount in controversy exceeds, exclusive of interest and costs, Seventy-Five Thousand Dollars ($75,000), the sum specified by 28 U.S.C. § 1332.

6.  Venue is proper in this District because defendant is located here.

## COUNT 1
### (Breach of Contract)

7.  Plaintiff realleges paragraphs 1 through 6 of the complaint and incorporates them herein by reference.

8.  On or about January 24, 2002, plaintiff GlobalOptions, Inc., a security and investigation firm, and defendant Livingstone entered into an Employment and Noncompetition Agreement ((hereinafter the "Agreement," attached hereto as Exhibit 1) pursuant to which defendant received a substantial stock position and an appointment as Chairman of Global Options, Inc.

9.  As consideration for the high-salaried position and substantial stock, defendant agreed to the terms of the Employment and Noncompetition Agreement (attached as Exhibit 1), in particular, the strong clauses providing for noncompetition by defendant, Section 6, and the protection of GlobalOptions' proprietary information, Section 7. Pursuant to Section 5.5, these clauses survive the termination of defendant's employment.

10. Defendant's primary responsibilities were in the area of business development through use of his substantial contacts in Washington and abroad. In essence, defendant solicited and obtained clients for GlobalOptions and GlobalOptions performed the services called for in the contracts it obtained through defendant's efforts and other marketing sources.

11. In 2006, defendant and GlobalOptions began negotiations that led to an agreement that defendant would leave the company on January 31, 2007.

12. The negotiations made clear, as shown in a letter from GlobalOptions to defendant dated October 16, 2006, that the noncompetition provisions of the Agreement would remain in effect.

13. Commencing soon after his departure from GlobalOptions, defendant sent out more than one thousand letters to persons and entities that were present and potential clients of GlobalOptions, soliciting business from those persons and entities and claiming that he and his new company could "render the same range of security, investigative, intelligence and global problem solving solutions as GlobalOptions."

14. Defendant's transmission and publication of these solicitation letters constituted breaches of the Employment and Noncompetition Agreement, in particular, Section 6(b) prohibiting solicitation of GlobalOptions' customers and Section 6(c) preventing the rendering of any services provided by GlobalOptions as of the time of defendant's termination.

15. As a result of defendant Livingstone's breach of his obligations under the Agreement, plaintiff GlobalOptions has been damaged in the approximate amount of $1,000,000.

WHEREFORE, plaintiff GlobalOptions demands judgment against defendant Livingstone in the amount of $1,000,000 in compensatory damages for breach of defendant's contractual obligations. Plaintiff requests that defendant be ordered to pay interest, costs, attorney fees and such other relief as the Court may deem just and proper.

## COUNT 2
### (Defamation)

16. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 15 above.

17. In 2005, GlobalOptions, Inc. was a party to a merger wherein GlobalOptions, Inc. became a subsidiary of GlobalOptions Group, Inc., a public company required to file reports to the Security and Exchange Commission under the Securities Act of 1933.

18. Plaintiff GlobalOptions, Inc. is a security and investigations company staffed by many former senior corporate and government officials that performs highly confidential commissions primarily for corporations and governments. It is vital to GlobalOptions, Inc. and its clients that its work be kept confidential and that neither GlobalOptions, Inc.'s tasks or the identity of its client be disclosed to the public. Any breach of this strict confidentiality will result in catastrophic loss of clients.

19. In his solicitation letters set forth above, defendant Livingstone made false and defamatory statements concerning the plaintiff GlobalOptions, Inc. These statements included false allegations that GlobalOptions was required to make disclosures concerning its clients and cases, which would portray it to be unfit to perform its business which was and is highly confidential security and investigations.

20. Defendant Livingstone published these false and defamatory statements without privilege to numerous third parties, in particular many clients and potential clients of GlobalOptions, Inc.

21. Defendant Livingstone's fault in publishing the statements amounted to at least negligence.

22. Defendant Livingstone's statements are actionable as a matter of law irrespective of special harm because the statements ascribed to GlobalOptions conduct--the disclosure of its clients' confidences-- that would adversely affect its fitness for the proper conduct of its lawful business, trade or profession. Defendant's publishing of these false and defamatory statements has also caused plaintiff GlobalOptions special harm.

WHEREFORE, plaintiff GlobalOptions demands judgment against defendant Livingstone in the amount of $1,000,000 in compensatory damages for breach of

defendant's contractual obligations and punitive damages. Plaintiff requests that defendant be ordered to pay interest, costs, attorney fees and such other relief as the Court may deem just and proper.

## COUNT 3
### (Declaratory Judgment)

23.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 22 above.

24.     On or about January 24, 2002, plaintiff GlobalOptions, Inc., a security and investigation firm, and defendant Livingstone entered into an Employment and Noncompetition Agreement.

25.     The Employment and Noncompetition Agreement, Section 6(b), prohibits defendant from soliciting GlobalOptions' customers and Section 6(c) prevents defendant from rendering any services provided by GlobalOptions as of the time of defendant's termination.

26.     Commencing soon after his departure on January 31, 2007 from GlobalOptions, defendant sent out more than one thousand letters to persons and entities that were present and potential clients of GlobalOptions, soliciting business from those persons and entities and claiming that he and his new company could render the same range of security, investigative, intelligence and global problem solving solutions as GlobalOptions.

27.     If this Court does not grant a declaratory judgment declaring that the Employment and Noncompetition Agreement is valid and that defendant must comply with its terms, plaintiff GlobalOptions, Inc. will be irreparably harmed.

WHEREFORE, plaintiff requests that this Court issue a declaratory judgment declaring that the Employment and Noncompetition Agreement is valid and declaring that defendant must comply with the surviving obligations in Sections 6 and 7 relating to noncompetition and protection of GlobalOptions, Inc.'s proprietary information. Plaintiff also requests that this Court grant plaintiff reimbursement of his attorney's fees and costs, and provide such further relief as this Court deems just and equitable.

Respectfully submitted,

*Brian W. Shaughnessy*
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC 20001
(202) 842-1700

Attorney for the Plaintiff

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Global Options Inc

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **New York**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Neil Livingstone

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **DC**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Brian Shaughnessy, Shaughnessy Volzer & Gagner
913 M St NW, #101, Washington DC 202-842-

Case: 1:07-cv-00608
Assigned To : Friedman, Paul L.
Assign. Date : 3/30/2007
Description: GLOBAL OPTIONS V. LIVINGSTONE

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☒ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

Other Contracts

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1332 - Breach of Non-Compete Agreement and Defamation

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 1,000,000   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 3/30/07   SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.